IN THE DISTRICT COURT OF APPEAL
FIRST DISTRICT, STATE OF FLORIDA

FLORIDA HOSPITAL
ORLANDO,

       Appellant,

v.

STATE OF FLORIDA,
AGENCY FOR HEALTH CARE
ADMINISTRATION,

       Appellee.

_____/

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

CASE NO. 1D14-178

Opinion filed November 6, 2014.

An appeal from an order of the Agency for Health Care Administration.
Elizabeth Dudek, Secretary.

John D. Buchanan, Jr. and Joseph V. Gardner of Henry, Buchanan, Hudson, Suber,
& Carter, P.A., Tallahassee, for Appellant.

Tracy Lee George, Assistant General Counsel, and Cynthia L. Hain, Assistant
General Counsel, Agency for Health Care Administration, Tallahassee, for
Appellee.

PER CURIAM.

       This appeal arises out of a Medicaid integrity audit of Florida Hospital

Orlando's ("Hospital") inpatient services claims. As a result of the audit, the

Agency for Health Care Administration ("AHCA") determined it had reimbursed

the Hospital for services submitted to Medicaid which were not "medically necessary." See § 409.913(1)(d), Fla. Stat. (2013). After a hearing, AHCA issued a Final Order adopting the administrative law judge's findings of fact, conclusions of law, and recommendation that the Hospital repay certain overpayments, as well as a small fine and costs.

On appeal, the Hospital asserts that AHCA and its auditor unlawfully reviewed entire patient files to determine whether each patients' inpatient admission was a "medical necessity," without limiting the audit to just the information that was available to the Hospital at the time that the patient was admitted. The Hospital asserts that it is unlawful and unfair for AHCA's auditors to deny reimbursements based on hindsight analyses of entire patient files, which give greater and better information than was available to the Hospital's doctors when they made the real-time decisions to admit their patients to the hospital.

The Hospital is correct about how "medical necessity" must be determined for purposes of section 409.913(1)(d). The statute is perfectly clear that "[d]eterminations of medical necessity . . . must be based upon information *available at the time the goods or services are provided.*" § 409.913(1)(d), Fla. Stat. (emphasis added). It gives no room for evaluating medical necessity determinations post hoc, using later-available information "from a post-discharge standpoint," as the Hospital alleges here.

2

Nevertheless, with respect to the fourteen subject patients at issue in this appeal, the Hospital has not shown that AHCA and its auditor relied on hindsight information in penalizing the Hospital's admission decisions. Rather, the record supports the administrative law judge's finding adopted by AHCA that the claims were "described and evaluated based upon the medical documentation available to the treating physician at the time the services were rendered." And so we must affirm.

AFFIRMED.

WOLF, ROBERTS, and OSTERHAUS, JJ., CONCUR.